UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ILLINOIS TOOL WORKS and
MILLER ELECTRIC MFG. CO.,

           Plaintiffs,

    v.                                          Case No. 03-C-0966

THERMAL DYNAMICS CORP.,

           Defendant.

---

## MEMORANDUM AND ORDER

Presently before the Court is Plaintiffs' motion for summary judgment on infringement of claims 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 21, 22, 23, and 24 of U.S. Patent No. 6,236,014 ("the '014 patent") and claims 1, 4, 5, 7, 9, 16, and 20 of U.S. Patent No. 6,239,407 ("the '407 patent"). Although Plaintiff has recently filed an amended complaint, its motion for partial summary judgment is not moot since the allegations concerning infringement of the '014 and '407 patents have not changed. For the following reasons, Plaintiffs' motion will be denied, but sanctions will be imposed on Defendant.

### FACTS

This case is a dispute between two manufacturers of power supplies for welding and cutting. Plaintiffs Illinois Tool Works and Miller Electric Mfg. Co. claim that Defendant Thermal Dynamics Corp.'s CutMaster 38 infringes the '014 and '407 patents. (Am. Compl. ¶¶ 1, 18-19, 24-25.) ITW is the assignee of both patents and Miller Electric is the exclusive licensee of both patents. (Am. Compl. ¶ 10-11, 14-15.) Thermal Dynamics denies infringement of either patent. (Pls.' Proposed Findings of Fact ¶ 2; Def.'s Resp. ¶ 2.)

Plaintiffs' motion for summary judgment stems from one of the numerous discovery disputes in this case. On March 18, 2004, Plaintiffs served on Defendant interrogatories requesting that Defendant identify each claim of the '014 and '407 patents that it claimed the CutMaster 38 did not infringe and provide an element-by-element basis for its claim of non-infringement. (Pls.' PFOF ¶ 3; Def.'s Resp. ¶ 3.) In its response on April 19, 2004, Defendant objected to the interrogatories on the grounds that they exceeded the limit on the number of interrogatories, were premature, were unduly burdensome, and sought privileged information. (Pls.' Ex. 5 at 2-4.) While Defendant reserved its right to supplement its answers as discovery progressed, Defendant's only response to the interrogatories was: "Because one cannot infringe an invalid claim, Thermal Dynamics identifies all Exemplary Claims [i.e., twenty-four claims asserted by Plaintiffs as infringed] as not infringed by the CutMaster 38." (Pls.' Ex. 5 at 3.)

Dissatisfied with Defendant's response, Plaintiffs moved to compel a complete answer to their interrogatories. The Court granted the motion to compel on May 14, 2004. In doing so, I held that "[i]f the defendant has [a] position[] regarding its claim[] of . . . non-infringement, the plaintiff is entitled to know th[at position.]" (Order of May 14, 2004 at 1.) I ordered Defendant to "provide the detailed information requested regarding its non-infringement claims" within thirty days. (*Id.*)

Defendant supplemented its response to the March 18 interrogatories on June 14, 2004. Defendant reasserted its objections (including those that had been implicitly rejected by the Court in its Order of May 14) as well as its contention that "one cannot infringe an invalid claim." (Pls.' Ex. 12 at 2-4.) This time, Defendant also provided an element-by-element basis for its claim of non-infringement for one of the claims of the '014 patent and two of the claims of the '407 patent. (Pls.' Ex. 12 at 2-4, App. A.) Defendant characterized this response as providing its positions

2

"currently available regarding noninfringement" and again reserved its right to supplement as discovery progressed. (Pls.' Ex. 12 at 2.)

On September 7, 2004, Plaintiffs moved for summary judgment on infringement of fourteen claims of the '014 patent and seven claims of the '407 patent for which Defendant had not provided an element-by-element basis for its claim of non-infringement in its supplemental response to the March 18 interrogatories. Defendant again supplemented its response to the March 18 interrogatories on October 12, 2004. This time, Defendant provided some basis for its claim of non-infringement for each of the allegedly infringed claims. (Def.'s Ex. 1 at 2-14.) Defendant continued to assert its objections, its right to supplement its answers as discovery progresses, and its contention that "one cannot infringe an invalid claim." (Def.'s Ex. 1 at 2-4.)

## ANALYSIS

The Court concludes that summary judgment on infringement is not warranted at this stage in the litigation. Plaintiffs cite *Transclean Corp. v. Bridgewood Services, Inc.*, 290 F.3d 1364 (Fed. Cir. 2002), in support of their contention that the Court should grant summary judgment on infringement as a sanction for Defendant's incomplete answers to the March 18 interrogatories. In *Transclean*, the defendant failed to respond before the end of discovery to interrogatories seeking the basis for its allegations of non-infringement. Because the defendant's failure to respond effectively deprived the plaintiff of the opportunity to take discovery on the defendant's non-infringement defense, the district court granted summary judgment for the plaintiff on infringement as a sanction. The Federal Circuit, applying Eighth Circuit law, held that the district court did not abuse its discretion by doing so. *Id.* at 1373-1374. Here, Defendant supplemented its response to Plaintiffs' interrogatories prior to the close of discovery. Plaintiffs have a chance to take discovery on Defendant's non-infringement allegations. Moreover, in *Transclean*, the plaintiff's motion for

3

summary judgment "presented evidence sufficient to show infringement." *Id.* at 1374. Here, Plaintiffs rest their motion entirely on Defendant's failure to respond to the March 18 interrogatories, and do not present their own evidence of infringement.

Plaintiffs ask the Court to grant them their reasonable expenses in bringing their motion for summary judgment as a sanction even if the Court denies the motion for summary judgment. (Pls.' Reply at 10.) I conclude that such a sanction is appropriate. Defendant failed to supplement its answers to the March 18 interrogatories to disclose its non-infringement contentions for fourteen claims of the '014 patent and seven claims of the '407 patent until Plaintiffs, relying on the absence of such contentions, moved for summary judgment. Defendant must have had non-infringement contentions with respect to these claims because it denied infringement in its answer to the second amended complaint, which it filed nine months after this litigation began (and eleven days before it supplemented its answer to the March 18 interrogatories in response to the Court's Order of May 14). (Ans. ¶ 1.) Defendant's contention that "one cannot infringe an invalid claim" is not a proper response to an interrogatory seeking discovery as to a party's position on infringement. *See, e.g., Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1364 (Fed. Cir. 2003) ("Supreme Court precedent and our cases make clear that patent infringement and patent validity are treated as separate issues."); *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1535 (Fed. Cir. 1987) (characterizing instruction that "invalid claims cannot be infringed" as "a nonsense statement"). While Defendant may have wished to supplement its answers later in response to claim construction discovery, it was required to disclose its contentions as of the date it answered the interrogatories. Defendant's failure to do so left Plaintiffs to believe that Defendant had no non-infringement contentions for fourteen claims of the '014 patent and seven claims of the '407 patent.

4

Defendant claims it needed Plaintiffs' claim construction to provide information concerning its own infringement contentions. But this does not follow. Plaintiffs asked about Defendant's contentions regarding infringement, not their own. Defendant's position regarding infringement is presumably based upon its own understanding of the meaning of the patent claims, not that of the Plaintiffs. It had access to the patents at issue before the case began and certainly knew its own product. Under these circumstances, no reason appears why Defendant was unable to state its position regarding infringement as to each claim until after Plaintiffs moved for summary judgment on the issue.

Defendant's failure to respond to the March 18 interrogatories caused Plaintiffs to incur the costs of preparing and filing a motion for summary judgment. Requiring Defendant to pay Plaintiffs' reasonable costs and attorneys' fees attributable to this motion seems a far less drastic sanction than precluding Defendant from presenting the non-infringement defense that it has belatedly asserted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment will be denied. Defendant shall pay Plaintiffs' reasonable costs and attorneys' fees attributable to the motion for summary judgment.

**SO ORDERED.**

Dated this 15th day of February, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge